IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. DAVIS and GLOBAL SALES CALL CENTER, LLC,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF PHILADELPHIA,<br><br>                Defendant. | CIVIL ACTION<br>NO. 14-06979 |

PAPPERT, J.                                                                                                       JULY 21, 2015

**MEMORANDUM**

        This case is an extension of a protracted dispute between Defendant City of Philadelphia ("City") and Plaintiffs Michael E. Davis ("Davis") and Global Sales Call Center, LLC ("Global" and collectively "Plaintiffs") over Global's delinquent property taxes. Global owns a two story, three bedroom rental property located in Philadelphia, Pennsylvania.[1] (Am. Compl. ¶ 3, ECF No. 5.) Davis is the "sole and managing member" of Global. (*Id.* ¶¶ 4-5.) In December 2009, Plaintiffs asked the Philadelphia Department of Revenue to reduce Global's tax debt in accordance with the Servicemembers Civil Relief Act[2] ("SCRA"). The Board informed Plaintiffs that the statute "only applies to a servicemembers [sic] residence," and instructed Plaintiffs to file an abatement petition with the Philadelphia Tax Review Board ("Review Board"). (*Id.* ¶ 13.) On January 7, 2010, Davis filed a petition with the Review Board requesting a recalculation of the interest and penalties charged to Global. (*Id.* ¶ 14.) The Review Board held a public hearing on March 28, 2011 during which Plaintiffs presented their case. (*Id.*

---

[1]     On March 1, 2005, Davis and his wife transferred the property to Global "to insulate themselves from liability because [Davis] was on active duty [in the Army] and his wife was unable to manage the property." (Pls.' Br. 3, ECF No. 21.) The tenants were subsequently evicted from the property in January 2006. (*Id.*)

[2]     50 U.S.C. App. § 501 *et seq.*

1

¶ 17.)  The Review Board denied their petition.  (*Id.*)  Plaintiffs were advised that they had 30 days to request a new hearing before the Review Board and that failure to do so would render the decision final.  (Def.'s Mot. Dismiss Ex. E, ECF No. 20.)  Plaintiffs made no such request.  (Am. Compl. Ex. B, at 3.)

On February 27, 2013, the City filed a rule to show cause why Global's property should not be sold at a sheriff's sale.  (*Id.* ¶ 18; Pls.' Br. 3.)  A rule returnable hearing was held on June 11, 2013.  (Pls.' Br. 3.)  Plaintiffs failed to appear at the hearing and judgment was entered against Global.  On June 21, 2013, Plaintiffs filed a Petition to Open Judgment.  (Pls.' Br. 3.)  The petition was granted on July 22, 2013.  (Pls.' Br. 3.)  Plaintiffs then answered the City's rule to show cause by reasserting their entitlement to protections under the SCRA.  (Am. Compl. ¶ 19.)

A second rule returnable hearing was held on September 9, 2014 before Judge Ellen Ceisler of the Philadelphia County Court of Common Pleas.  Davis again requested an abatement of Global's tax debt in accordance with the SCRA.  (*Id.* ¶ 20; Ex. A, at 10-11.)  Counsel for the City raised two objections to the application of the SCRA: (1) that it does not apply to the property and (2) Davis failed to notify the City of his active military duty.  (*Id.* ¶ 22; Ex. A.)  Davis assured the court that he had notified the City of his active duty.  (*Id.* Ex. A, at 12-18.)  Judge Ceisler continued the hearing until November 4, 2014 to permit the City to determine whether the SCRA should be followed.[3]  (*Id.* Ex. A, at 24.)

Prior to the November 4, 2014 hearing, the City's counsel called Davis to discuss the Review Board's denial of Plaintiffs' abatement petition.  Counsel allegedly informed Davis that the Review Board petition was adequate notice and that he would request a continuance to allow

---

[3]  At no time during the hearing did Davis inform the court or the City that the Review Board had already heard and decided this very issue.

the City to calculate the necessary reductions to Global's tax debt.  (*Id.* ¶ 26.)  Davis did not appear at the November 4, 2014 hearing.  (*Id.* Ex. B.)  The City's counsel represented to the court that he had reminded Davis of the hearing two weeks prior.  (*Id.* Ex. B, at 4.)  Davis allegedly informed the City's counsel that he knew of the hearing and that he would attend.  (*Id.*)  Judge Ceisler signed the City's foreclosure petition after learning that the Review Board had previously denied Plaintiffs' abatement petition.  (*Id.* at 3; *see also City of Phila. v. Global Sales Call Ctr.*, No. 130202999, Civ. Dkt., Order dated Nov. 6, 2014).  Plaintiffs filed a motion for reconsideration on November 13, 2014 asserting that their failure to appear at the hearing was due to a "clerical error" in their counsel's office.  (*City of Phila.*, No. 130202999, Civ. Dkt., Mot. Reconsideration dated Nov. 13, 2014, at 1.)

After their motion for reconsideration was denied, Plaintiffs filed this action alleging that the City violated their rights under the SCRA.  Both Plaintiffs appeared *pro se*.[4]  The City moved to dismiss Plaintiffs' complaint.  (ECF No. 3.)  In response, Plaintiffs amended their complaint and filed an emergency motion to stay the sheriff's sale scheduled for February 19, 2015.  (ECF No. 6.)  The City agreed to stay the sale, and Judge Darnell Jones granted Plaintiffs' motion to stay.  (ECF No. 11.)  That same day this case was randomly reassigned to this Court.  (ECF No. 10.)  The City renewed its motion to dismiss, (ECF No. 14), and Plaintiffs responded.  (ECF No. 15.)  After reviewing the amended complaint and the parties' supporting memoranda of law, the Court ordered supplemental briefing as to whether Plaintiffs have constitutional and statutory standing to assert their claims.  (ECF No. 19.)  The parties submitted the requested briefing and

---

[4] The Court subsequently ordered Global to obtain counsel.  (ECF No. 17.)  On June 21, 2015, Earl D. Raynor, Esq. entered an appearance on its behalf.  (ECF No. 18.)

oral argument was held on July 15, 2015. Davis, despite proceeding *pro se*, did not appear.[5] For the reasons that follow, the City's motion to dismiss is granted.

## II.

The City contends that Plaintiffs lack standing under the SCRA. All plaintiffs must have constitutional standing and statutory standing. Constitutional standing concerns "the constitutional power of a federal court to resolve a dispute," whereas statutory standing "is simply statutory interpretation." *Graden v. Conexant Sys., Inc.*, 496 F.3d 291, 295 (3d Cir. 2007). Despite the City's reliance on the elements of constitutional standing, its focus on the language of the SCRA is, in essence, a challenge to Plaintiffs' statutory standing. "A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim." *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011). The Court accordingly accepts as true Plaintiffs' factual allegations and construes the amended complaint in the light most favorable to them. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

## III.

The Supreme Court has described issues of "statutory standing" as those involving whether a plaintiff comes "within the 'zone of interests' for which the cause of action was available." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97 (1998) (citing *Nat'l R.R. Passenger Corp. v. Nat'l Assn. of R.R. Passengers*, 414 U.S. 453, 465 n.13 (1974)). Statutory standing thus "asks whether Congress accorded *this* injured plaintiff the right to sue the defendant to redress his injuries." *Graden*, 496 F.3d at 295. To answer that question, courts "look first at the text of the statute and then, if ambiguous, to other indicia of congressional intent such as the legislative history." *Id.* The gravamen of Plaintiffs' amended complaint is that

---

[5] Counsel for Global argued on behalf of both Plaintiffs in Davis' absence. (*See* Hr'g Tr. 3:13-4:11, July 15, 2015.)

the City charged interest and penalties against Global's tax debt in violation of the SCRA. Global, however, is not entitled to the protections of the SCRA and Davis is not responsible for the unpaid taxes.[6]

Congress passed the SCRA to extend protections to "servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation." 50 U.S.C. App. § 502(a). "Its intent is to afford protection of the servicemember's property during a period of military service." *In re Watson*, 292 B.R. 441, 445 (S.D. Ga. Bankr. 2003). Section 561 of the SCRA accordingly prohibits the imposition of certain penalties and limits the interest rate applied to unpaid taxes assessed against "*a servicemember's* (2) *real property* occupied for dwelling, professional, business, or agricultural purposes by a servicemember or the servicemember's dependents or employees (A) before the servicemember's entry into military service; and (B) during the time the tax or assessment remains unpaid." 50 U.S.C. App. § 561(a), (d) (emphasis added). This section applies to "all forms of property . . . *owned individually by a servicemember* or *jointly by a servicemember and a dependent or dependents*." *Id.* § 561(e) (emphasis added). Section 527[7] similarly provides that:

> An obligation or liability bearing interest at a rate in excess of 6 percent per year that is *incurred by a servicemember*, or *the servicemember and the servicemember's spouse jointly*, before the servicemember enters military service shall not bear interest at a rate in excess of 6 percent . . . during the period of military service.

50 U.S.C. App. § 527(a) (emphasis added). The servicemember is entitled to this interest rate cap if he or she provides the creditor with written notice and a copy of his orders no later than 180 days after release from service. *Id.* § 527(b)(1).

---

[6] The City has applied the SCRA to Davis's personal liabilities. (*See* Am. Compl. Ex. A, at 6.)

[7] Plaintiffs did not allege a violation of this provision in their amended complaint. They nevertheless cite this section in their brief. (*See, e.g.*, Pls.' Br. 4.) The Court accordingly considers its applicability.

The SCRA defines "servicemember" as "a member of the uniformed services." *Id.* § 511. Dependent means the servicemember's spouse, child, or an individual for whom the servicemember provided more than one-half of the individual's support for the 180 days immediately preceding an application for relief under the SCRA. *Id.* A corporation, even one closely held by a servicemember like Davis, is neither a servicemember nor a dependent entitled to the protections of the SCRA. *See Lewis v. Bank of McKenney*, No. 3:11-cv-493, 2012 WL 1752407, at *5 (E.D. Va. May 16, 2012) ("[C]orporations are not 'servicemembers' under the SCRA."). Global cannot seek relief under the statute. *See* 50 U.S.C. App. § 597a ("Any person aggrieved by a violation of [the SCRA] may in a civil action (a) obtain any appropriate equitable relief with respect to the violation; and recover all other appropriate relief, including monetary damages.").

Davis is not personally liable for Global's tax debt. Plaintiffs nevertheless contend that the Court should apply the SCRA to Global because Davis is its sole managing member. (*See* Hr'g Tr. 12:5-14:8.) However, "[i]n Pennsylvania, as in almost every other state, 'a corporation is a distinct and separate entity, irrespective of who owns all its stock." *Official Comm. of Unsecured Creditor v. R.F. Lafferty & Co.*, 267 F.3d 340, 348 (3d Cir. 2001) (quoting *Barium Steel Corp. v. Wiley*, 108 A.2d 336, 341 (Pa. 1954)). Indeed, "the fact that one person owns all of the stock does not make him and the corporation one and the same person." *Id.* There is no reason to disregard the corporate form simply because a benefit available to Davis is not available to Global. *See Sams v. Redevelopment Auth. of New Kensington*, 244 A.2d 779, 781 (Pa. 1968) ("In our view, one cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to their (shareholders') detriment."). Global, not Davis, owns the property. Global, not Davis, is liable

for the tax debt.  Davis, not Global, is entitled to the protections of the SCRA.  Davis cannot seek relief under the SCRA on Global's behalf.  Count I is dismissed.

Plaintiffs' constitutional claims asserted in Counts II-IV[8] are premised on their status as servicemembers entitled to relief under the SCRA.  (*See* Am. Compl. ¶¶ 41-59; *see also* Pls.' Br. 8.)  Again, however, Global is not a servicemember and Davis has not been denied relief under the SCRA.  These facts are fatal to their constitutional claims.  Further amendment will not alter the applicability of the SCRA.  Amendment is thus futile.[9]  The amended complaint is dismissed.

An appropriate order follows.


      */s/ Gerald J. Pappert*
      GERALD J. PAPPERT, J.

---

[8] Counts III and IV are both labeled Count III.  For clarity, the Court refers to the counts based on their order of appearance in the amended complaint.

[9] If a complaint seeking to vindicate a plaintiff's civil rights is vulnerable to 12(b)(6) dismissal, the Court must permit a curative amendment, unless amendment would be inequitable or futile.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).